# EXHIBIT 2

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

CAUSE NO. __C-0239-19-D__

| | | |
|---|---|---|
| HECTOR HUGO GARCIA, INDIVIDUALLY, | § | IN THE DISTRICT COURT |
| AS NEXT FRIEND OF L.L.G., A MINOR, | § | |
| AND ON BEHALF OF THE ESTATE OF | § | |
| ASHLEY KARIME GARCIA | § | |
| | § | |
| VS. | § | _____ JUDICIAL DISTRICT |
| | § | |
| CITY OF MCALLEN, TEXAS AND | § | |
| MCALLEN POLICE OFFICERS A. GARZA, | § | |
| MICHAEL SOTO, JOEL VILLEGAS AND | § | |
| UKNOWN MCALLEN POLICE OFFICERS, | § | |
| IN THEIR INDIVIDUAL CAPACITIES | § | HIDALGO COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION, FIRST SET
OF INTERROGATORIES, FIRST SET OF
REQUESTS FOR PRODUCTION
AND REQUESTS FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES HECTOR HUGO GARCIA, INDIVIDUALLY, AS NEXT FRIEND OF

L.L.G., A MINOR, AND ON BEHALF OF THE ESTATE OF ASHLEY KARIME GARCIA,

Plaintiffs in the above-styled and numbered cause, and files this Original Petition

complaining of DEFENDANTS CITY OF MCALLEN, TEXAS AND MCALLEN POLICE

OFFICERS A. GARZA, MICHAEL SOTO, JOEL VILLEGAS AND UNKNOWN MCALLEN

POLICE OFFICERS, IN THEIR INDIVIDUAL CAPACITIES, and in support thereof

would show the Court as follows:

## I.

## DISCOVERY PLAN

1.    The discovery control plan applicable to this case is Level 2 because Plaintiffs seek

damages in excess of $50,000 and the Court has not ordered a Level 3 discovery

plan.

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0239-19-D

## II.

## PARTIES

2.     Plaintiff HECTOR HUGO GARCIA is an individual residing in Hidalgo County, Texas. He is the father of 15-year-old L.L.G. and ASHLEY KARIME GARCIA, who was killed on January 28, 2017 at the age of 16. Mr. Garcia brings this lawsuit in his individual capacity for the wrongful death of his daughter ASHLEY KARIME GARCIA and as the next friend of his daughter L.L.G. for her personal injuries. Finally, as the sole heir of ASHLEY KARIME GARCIA he brings this lawsuit on behalf of the estate of ASHLEY KARIME GARCIA.

3.     Defendant CITY OF MCALLEN, TEXAS is a home-rule municipality located in Hidalgo County, Texas. It may be served with process by serving its Mayor, the Honorable James E. Darling, 1300 Houston Avenue, City Hall, McAllen, Texas 78501.

4.     DEFENDANT A. GARZA is an individual that is employed as a police officer with DEFENDANT CITY OF MCALLEN, TEXAS. Plaintiff has made diligent attempts to discover his full name and identity but has been thwarted by DEFENDANT CITY OF MCALLEN, TEXAS at every turn, as shown below. DEFENDANT A. GARZA can be served at 1601 N. Bicentennial Blvd., McAllen, Texas 78501.

5.     DEFENDANT MICHAEL SOTO is an individual that is employed as a police officer with DEFENDANT CITY OF MCALLEN, TEXAS. DEFENDANT MICHAEL SOTO can be served at 1601 N. Bicentennial Blvd., McAllen, Texas 78501.

6.     DEFENDANT JOEL VILLEGAS is an individual that is employed as a police officer with DEFENDANT CITY OF MCALLEN, TEXAS. DEFENDANT JOEL VILLEGAS can be served at 1601 N. Bicentennial Blvd., McAllen, Texas 78501.

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0239-19-D**

7. DEFENDANTS UNKNOWN POLICE OFFICERS are employed as police officers with DEFENDANT CITY OF MCALLEN, TEXAS. Plaintiff has made diligent attempts to discover the identities of each of them but has been thwarted by DEFENDANT CITY OF MCALLEN, TEXAS at every turn, as shown below. DEFENDANTS UNKNOWN POLICE OFFICERS can be served by serving the Mayor, the Honorable James E. Darling, 1300 Houston Avenue, City Hall, McAllen, Texas 78501.

8. All of the police officers that are defendants in this lawsuit are collectively referred to herein as the "DEFENDANT POLICE OFFICERS".

## III.

## VENUE

9. Venue is proper in Hidalgo County, Texas pursuant to Texas Civil Practice & Remedies Code §§ 15.002 and 101.102 because Hidalgo County, Texas is the county in which all or a substantial part of the events and omissions giving rise to Plaintiffs' claim occurred and their cause of action arises.

## IV.

## JURISDICTION

10. The Court has jurisdiction over the parties in this case because Plaintiffs and the individual Defendants are or were Texas residents and DEFENDANT CITY OF MCALLEN is a Texas political subdivision, and the Court has jurisdiction to render judgment in a lawsuit brought under the Texas Tort Claims Act. Governmental immunity is waived by sections 101.021(2), 101.0215(a)(1) and 101.025 of the Texas Tort Claims Act because the death of ASHLEY KARIME GARCIA and personal injuries suffered by L.L.G. were caused by a use of tangible personal property,

3

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0239-19-D**

specifically handguns used by the DEFENDANT POLICE OFFICERS, in a manner that gives rise to liability under Texas law.

11. On or about July 26, 2017 Plaintiffs provided written notice to DEFENDANT CITY OF MCALLEN, TEXAS in accordance with Section 101.101(a) of the Texas Tort Claims Act. Alternatively, DEFENDANT CITY OF MCALLEN, TEXAS had actual notice that ASHLEY KARIME GARCIA was killed and L.L.G. was injured on January 28, 2017 in a shooting incident involving the DEFENDANT POLICE OFFICERS.

## V.

## FACTS

12. This lawsuit arises from the wrongful death of ASHLEY KARIME GARCIA and the serious injuries suffered by her sister L.L.G. when both were shot by handguns used by the DEFENDANT POLICE OFFICERS during the course and scope of their employment with DEFENDANT CITY OF MCALLEN, TEXAS. The subject shooting incident occurred on January 28, 2017. ASHLEY KARIME GARCIA was 16 years old when she was shot and killed and her sister L.L.G. was 14 when she was shot and suffered serious injuries.

13. ASHLEY KARIME GARCIA and L.L.G. lived at 913 N. 3rd Street in McAllen, Texas with their mother, Santos Verenice Garcia, stepfather Cruz Pinon, sister L.O.G. (a minor), and twin half-siblings O.P. and L.P. (both minors).

14. In the late evening of January 27, 2017, the McAllen Police Department was called about a disturbance at the home on 913 N. 3rd Street. A disturbance arose when one of the three teenage daughters refused to allow her step-father Cruz Pinon to inspect her personal cell phone. The DEFENDANT POLICE OFFICERS were

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0239-19-D

dispatched to the home at approximately 11:53 p.m. on January 27, 2017 and arrived at the home in separate vehicles. After midnight, now January 28, 2017, one of the DEFENDANT POLICE OFFICERS proceeded to interview Santos Verenice Garcia about the disturbance while they were both standing in the front yard. At the same time, two other of the DEFENDANT POLICE OFFICERS were interviewing L.O.G. in the area of the driveway that is close to the house. L.L.G. and her half-sibling twins were inside the house in the living room and ASHLEY KARIME GARCIA was outside on the front porch. Cruz Pinon was also inside the house. None of the DEFENDANT POLICE OFFICERS attempted to interview Cruz Pinon or otherwise separate him from any of the other members of the family while the three officers were interviewing Santos Verenice Garcia and L.O.G.

15.   While the DEFENDANT POLICE OFFICERS were interviewing L.O.G. and her mother Santos Verenice Garcia outside the house, Cruz Pinon opened the front door of the house, shot a handgun at Santos Verenice Garcia and then closed the front door. Santos Verenice Garcia was killed by the gunshots fired by Cruz Pinon. The DEFENDANT POLICE OFFICERS then discharged their own weapons striking and killing ASHLEY KARIME GARCIA while she was on the front porch. The DEFENDANT POLICE OFFICERS also shot through the closed front door striking L.L.G. and severely injuring her while she was inside the house. The DEFENDANT POLICE OFFICERS then proceeded into the house after Cruz Pinon and discharged their weapons several more times inside the house. Cruz Pinon grabbed both of his twin children and went to the back room where he shot himself before the DEFENDANT POLICE OFFICERS got to him. The DEFENDANT POLICE OFFICERS found Cruz Pinon's gun at his side.

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0239-19-D

16. The McAllen Police Department issued a Media Release about the incident. A copy of the Media Release is attached hereto as Exhibit 1 and incorporated herein by reference. The Media Release does not identify any of the DEFENDANT POLICE OFFICERS. In its Media Release, the McAllen Police Department claims that only one of the DEFENDANT POLICE OFFICERS discharged a weapon and did so three times. *Exhibit 1.* The Media Release states that each of the four persons who were shot—ASHLEY KARIME GARCIA, L.L.G., Santos Verenice Garcia and Cruz Pinon—suffered an "undetermined number of gunshot wounds." The Media Release also states that the McAllen Police Department has "reason to believe" that Cruz Pinon was the person who shot ASHLEY KARIME GARCIA, L.L.G. and Santos Verenice Garcia and that his fatal gunshot wound was self-inflicted. The Media Release also states that Justice of the Peace Bobby Contreras ordered autopsies of ASHLEY KARIME GARCIA, Santos Verenice Garcia and Cruz Pinon.

17. ASHLEY KARIME GARCIA died at the scene from her gunshot wounds. L.L.G. was transported to McAllen Medical Center for treatment from several gunshot wounds. Because of the severity of her injuries L.L.G. was then transferred to the University of Texas Health Science Center Hospital in San Antonio, Texas for further treatment.

18. Plaintiff HECTOR HUGO GARCIA has made several attempts to find out who fired the gunshots that killed his daughter ASHLEY KARIME GARCIA and injured his other daughter L.L.G., the identity of the DEFENDANT POLICE OFFICERS and obtain a copy of the autopsy report performed on his daughter ASHLEY KARIME GARCIA and the medical records of his daughter L.L.G. DEFENDANT CITY OF MCALLEN has thwarted his several efforts to find out this information in order to

**C-0239-19-D**

hide even basic facts from him that involve his own daughters. Plaintiff HECTOR HUGO GARCIA has spoken to several people with DEFENDANT CITY OF MCALLEN, including Mayor James E. Darling, Police Chief Victor Rodriguez, City Manager Roel Roy Rodriguez, and several attorneys with the City Attorney's office, including Assistant City Attorneys Evaristo Garcia, Jr. and Isaac J. Tawil. All of these persons refused to identify any of the DEFENDANT POLICE OFFICERS, refused to give Plaintiff HECTOR HUGO GARCIA any information identifying the person or persons that shot his daughters ASHLEY KARIME GARCIA and L.L.G., refused to give him a copy of the autopsy report on his daughter ASHLEY KARIME GARCIA and instructed McAllen Medical Center and the University of Texas Health Science Center Hospital in San Antonio to not give him copies of the medical records of his daughter L.L.G.

19.   Furthermore, in accordance with the Texas Open Records Act, Plaintiff HECTOR HUGO GARCIA attempted to obtain copies of incident reports and other documents and items held by DEFENDANT CITY OF MCALLEN relating to the incident that killed his daughter ASHLEY KARIME GARCIA and injured L.L.G. through several Open Records requests. DEFENDANT CITY OF MCALLEN thwarted all of those efforts.

20.   On or about March 13, 2018 the Texas Attorney General sent Mr. Evaristo Garcia, Jr., Assistant City Attorney for DEFENDANT CITY OF MCALLEN, its Open Records Decision OR2018-05765. In its letter, the Texas Attorney General directed DEFENDANT CITY OF MCALLEN to disclose to Plaintiff HECTOR HUGO GARCIA "basic information about an arrested person, an arrest, or a crime" which was held to be public in *Houston Chronicle Publishing Co. v. City of*

7

Case 7:19-cv-00068   Document 1-2   Filed on 02/27/19 in TXSD   Page 9 of 26

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0239-19-D

*Houston*, 531 S.W.2d 177 (Tex. Civ. App.—Houston [14ᵗʰ Dist.] 1975), *writ ref'd n.r.e. per curiam*, 536 S.W.2d 559 (Tex. 1976) and the 1976 Open Records Decision no. 127 from the Texas Attorney General. Such "basic information" includes at a minimum the names of investigating officers, the offense committed and a detailed description of the offense. The Texas Attorney General stated that such basic information "must be released to this requestor". DEFENDANT CITY OF MCALLEN has not complied with the Texas Attorney General's directive.

21.    About six months later, on or about September 20, 2018, DEFENDANT CITY OF MCALLEN sent Plaintiff HECTOR HUGO GARCIA its written response to his Open Records request providing him with three incident reports totaling a mere 6 pages. None of these three incident reports disclosed the "basic information" that the Texas Attorney General ordered DEFENDANT CITY OF MCALLEN to disclose six months earlier. The three incident reports are (a) No. 2014-32075 for something that took place on April 28, 2014—about three years before the shooting incident at issue—which relates to an argument between Santos Verenice Garcia and her husband Cruz Pinon about Mr. Pinon talking to other women on Facebook, (b) No. 2017-32887 for something that took place on May 1, 2017—three months after the subject shooting incident—where police were asked if the house owner could get the house cleaned up and ready to rent, and (c) No. 2017-9400, which related to a police escort for L.O.G. on February 5, 2017—several days after the shooting—to the home so she could pick up some personal belongings. Thus, DEFENDANT CITY OF MCALLEN did not provide a single document or item to Plaintiff HECTOR HUGO GARCIA with the "basic information" about the shooting that killed one daughter and severely injured another, including nothing that

8

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0239-19-D**

would identify any of the police officers involved in the shooting incident.

22.    In addition, Plaintiff HECTOR HUGO GARCIA addressed the entire City Commission of DEFENDANT CITY OF MCALLEN at a City Commission meeting that was open to the public.  In that meeting he told the City Commission about the shooting incident that killed his daughter ASHLEY KARIME GARCIA and injured his other daughter L.L.G., that he has requested documents about the shooting incident from the McAllen Police Department, Police Chief Victor Rodriguez, City Manager Roy Rodriguez and Assistant City Attorney Evaristo Garcia, Jr. and neither had complied with his public information request.  He then asked the City Commission for help in getting disclosure of the documents that deal with the shooting of his two daughters.  Still, to date, DEFENDANT CITY OF MCALLEN has not provided him with the basic information required by the Open Records Act and ordered to be disclosed by the Texas Attorney General.

23.    Plaintiff HECTOR HUGO GARCIA also attempted to obtain copies of the medical records for his daughter L.L.G. from McAllen Medical Center and the University of Texas Health Science Center Hospital in San Antonio.  Both hospitals refused to give him copies of his daughter's medical records telling him that the McAllen Police Department had ordered them not to release any of L.L.G.'S medical records to him.

**VI.**

**CAUSES OF ACTION AND DAMAGES**

24.    Pursuant to the Texas Tort Claims Act, DEFENDANTS are liable for the wrongful death and survival damages of ASHLEY KARIME GARCIA and the personal injuries of L.L.G. because they were shot by the DEFENDANT POLICE OFFICERS

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0239-19-D**

while they were in the course and scope of their employment with DEFENDANT CITY OF MCALLEN.

25. Plaintiff HECTOR HUGO GARCIA, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF ASHLEY KARIME GARCIA, seeks to recover damages provided by law that include, but are not limited to:

    a.    past and future loss of the parent\child relationship, companionship and society, including the loss of the positive benefits flowing from the love, comfort, companionship, and society that Plaintiff HECTOR HUGO GARCIA, INDIVIDUALLY, in reasonable probability, would have received from ASHLEY KARIME GARCIA had she lived;

    b.    past and future mental anguish, grief, emotional pain, torment and suffering Plaintiff HECTOR HUGO GARCIA, INDIVIDUALLY, experienced because of the death of ASHLEY KARIME GARCIA;

    c.    conscious mental anguish, grief, emotional pain, torment and suffering experienced by ASHLEY KARIME GARCIA before she died; and

    d.    reasonable and customary charges for burial and funeral expenses.

26. In connection with the personal injuries suffered by L.L.G., Plaintiff HECTOR HUGO GARCIA, AS NEXT FRIEND OF L.L.G., seeks damages that include, but are not limited to:

    a.    past, present and future physical pain and suffering;

    b.    past, present and future mental anguish;

    c.    past, present and future physical disability;

    d.    past, present and future disfigurement;

    e.    past, present and future medical and rehabilitation expenses; and

    f.    past, present and future lost wages and wage-earning capacity.

27. In order to comply with Texas Rule of Civil Procedure 47, Plaintiffs plead that they seek monetary relief of over $1,000,000.

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0239-19-D**

28.   Plaintiff HECTOR HUGO GARCIA also files this suit requesting a writ of mandamus compelling DEFENDANT CITY OF MCALLEN to make information available for public inspection pursuant to section 552.321 of the Texas Open Records Act.  Pursuant to section 552.323 of the Texas Open Records Act, Plaintiff HECTOR HUGO GARCIA seeks costs of litigation and reasonable attorney's fees.

## VII.

### REQUESTS FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiffs request that each Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## VIII.

### FIRST SET OF INTERROGATORIES

Pursuant to Texas Rule of Civil Procedure 197, Plaintiffs request that each Defendant answer, within 50 days of service of this request, the First Set of Interrogatories attached hereto and incorporated herein by reference.

## IX.

### FIRST REQUESTS FOR PRODUCTION

Pursuant to Texas Rule of Civil Procedure 196, Plaintiffs request that each Defendant produce, within 50 days of service of this request, all documents and tangible things responsive to the First Set of Requests for Production attached hereto and incorporated herein by reference.

## X.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that upon final trial, the Court enter judgment in favor of Plaintiffs against Defendants as follows:

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0239-19-D**

a.  actual damages in an amount determined by the trier of fact;

b.  pre- and post-judgment interest if, as, and when provided by law, and at the maximum rate allowed by law;

c.  costs of court and attorney's fees incurred herein; and

d.  such other and further relief to which Plaintiffs may be justly entitled.

Plaintiffs hereby request a trial by jury.

Respectfully submitted,

**GARCIA & MARTINEZ, L.L.P.**
6900 North 10th Street, Suite 2
McAllen, Texas 78504
Telephone: 956-627-0455
Telecopier: 956-627-0487

/s/ Adrian R. Martinez
**ADRIAN R. MARTINEZ**
State Bar No. 13137600
adrian@garmtzlaw.com

**ATTORNEYS FOR PLAINTIFFS**

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0239-19-D**

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, Plaintiffs serve the attached Interrogatories to be propounded to Defendants CITY OF MCALLEN, TEXAS AND MCALLEN POLICE OFFICERS A. GARZA, MICHAEL SOTO, JOEL VILLEGAS AND UNKNOWN MCALLEN POLICE OFFICERS, IN THEIR INDIVIDUAL CAPACITIES. You are notified that Plaintiffs specify that the answers shall be served on or before fifty (50) days after receipt of said Interrogatories. Demand is made for supplementation of your answers to these Interrogatories as may be required by the Texas Rules of Civil Procedure.

In answering these Interrogatories, furnish all information which is available to you, including information in the possession of your attorneys or investigators for your attorneys, and not merely such information known of your own personal knowledge. If you cannot answer the following Interrogatories in full after exercising due diligence to secure the necessary information, answer to the extent possible and specify your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portions. These Interrogatories are continuing in nature and are to be supplemented in accord with the Texas Rules of Civil Procedure.

## DEFINITIONS

Except as indicated below, the words comprising these interrogatories should be given their natural meanings. Unless a specific definition has been provided with an interrogatory, the following general definitions apply. Please try to avoid the common tendency to ignore interrogatory definitions as boilerplate. All of the definitions provided are an integral part of each and every one of these Interrogatories, and Plaintiff may view any material failure to adhere to these definitions in formulating a response as a failure

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0239-19-D

to answer. The definitions are as follows:

A.  "Defendant," "you," or "your" means CITY OF MCALLEN, TEXAS AND MCALLEN POLICE OFFICERS A. GARZA, MICHAEL SOTO, JOEL VILLEGAS AND UNKNOWN MCALLEN POLICE OFFICERS, IN THEIR INDIVIDUAL CAPACITIES, their employees, agents, representatives, or attorneys.

B.  The terms "document" or "documents" are intended to have the broadest possible meaning under the Texas Rules of Civil Procedure. Without limiting the meaning the Rules ascribe to the terms, Plaintiffs intend the terms "document" or "documents" to include at least any written, recorded, filmed, or graphic matter, whether produced or reproduced on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media including but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including but not limited to originals and all copies which are different in any way from the original whether by interlineations, receipt stamp, notation, indication of copies sent or received, or otherwise.

C.  The terms "identify" or "describe" when used in reference to an individual person shall generally mean to give sufficient information so that Plaintiffs can determine his or her relevance to the Interrogatory's subject matter and,

Case 7:19-cv-00068   Document 1-2   Filed on 02/27/19 in TXSD   Page 16 of 26
Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0239-19-D

with reasonable diligence, locate the person and communicate with him or her.  A response generally will be adequate if it states his or her:

(1)   full name;

(2)   his or her job title or position;

(3)   name of employer;

(4)   present title or position and business affiliation;

(5)   the person or business organization he or she was representing or acting for at the time relevant to the specific interrogatory;

(6)   present business phone number and address (or last known, with indication of the date of that last knowledge); and

(7)   present residence phone number and address (or last known, with indication of the date of that last knowledge).

D.   The terms "identify" and "describe" when used with reference to a document shall generally mean to provide sufficient information so that Plaintiffs can determine the substance of its contents and, through the exercise of reasonable diligence, determine its present location.  A response generally will be adequate if it:

(1)   states the type of document (e.g., memorandum, employment application, letter, etc.);

(2)   sets forth its date;

(3)   identifies the author (and if different, the originator and signer);

(4)   sets forth the title, heading or other designation, numerical or otherwise, of the document;

(5)   sets forth the present or last known location of the document and of each copy;

(6)   sets forth the general substance of the document;

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0239-19-D

(7)     to the extent a document was, but no longer is, in your possession or subject to your control, states the disposition which was made of it, the reason for said disposition, and the date thereof; and

(8)     to the extent that a document is stored in a data processing card, floppy disk, or other computer-related device, identifies the hardware and software necessary to read or otherwise utilize the data comprising the document.

E.     A response to a request to "identify" or "describe" a communication generally will be adequate if it:

(1)     states the type of communication (e.g., oral, written memorandum, employment application, letter, etc.);

(2)     states the date and the place where it occurred;

(3)     sets forth its substance;

(4)     states the identity of each person to whom such communication was directed;

(5)     states the identity of each person who was present when such communication was made; and

(6)     sets forth the present or last known location of any document memorializing the communication.

F.     A response to a request to "identify" or "describe" an occasion or incident generally will be adequate if it:

(1)     states the date or approximate date on which the occasion or incident occurred;

(2)     states the place in which the occasion or incident occurred;

(3)     identifies the individual(s) who witnessed the incident or occasion; and

(4)     states a description of the events that transpired.

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0239-19-D**

## FIRST SET OF INTERROGATORIES

1. Identify by full name, date of birth and badge number each of the police officers that responded to the domestic disturbance generally described in McAllen Police Department Media Release MR-01282017-01 that took place on or about January 27-28, 2017 in the 900 block of N. 3rd Street in McAllen, Texas.

2. Identify by full name, date of birth and badge number each of the police officers that fired one or more gunshots in connection with the domestic disturbance generally described in McAllen Police Department Media Release MR-01282017-01 that took place on or about January 27-28, 2017 in the 900 block of N. 3rd Street in McAllen, Texas.

3. With respect to each person that fired a gunshot in connection with the domestic disturbance generally described in McAllen Police Department Media Release MR-01282017-01 that took place on or about January 27-28, 2017 in the 900 block of N. 3rd Street in McAllen, Texas, identify the following:

   a.  each person—whether police officer or civilian—that fired a gunshot;
   b.  the model and type of gun each such person fired;
   c.  the number of gunshots each such person fired; and
   d.  the person or item each fired bullet struck.

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0239-19-D**

## FIRST SET OF REQUESTS FOR PRODUCTION

COME NOW PLAINTIFFS in the above-styled and numbered cause and propounds the following First Set of Requests for Production to Defendants CITY OF MCALLEN, TEXAS AND MCALLEN POLICE OFFICERS A. GARZA, MICHAEL SOTO, JOEL VILLEGAS AND UNKNOWN MCALLEN POLICE OFFICERS, IN THEIR INDIVIDUAL CAPACITIES named in Plaintiffs' Original Petition under the provisions of Rule 196 of the Texas Rules Civil Procedure. Plaintiffs require that answers and responses to the same be filed not later than fifty (50) days after the date of service hereof. Demand is made for supplementation of your answers to these Requests for Production as may be required by the Texas Rules of Civil Procedure.

### A. Definitions

The following definitions shall have the following meanings, unless the context requires otherwise:

1.      "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations of telephone or personal conversations, conferences, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, and all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0239-19-D**

or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

2.  "File" means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

3.  "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

4.  "Relating to" and "relates to" means, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

5.  "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

6.  "Communication" means any oral or written communication of which you have knowledge, information, or belief.

7.  "Date" means the exact date, month, and year, if ascertainable, or, if not, the best available approximation.

8.  "Describe" or "identify", when referring to a person, means you must state the following:

    a.  The full name.

    b.  The present or last known residential address.

    c.  The present or last known residential and office telephone numbers.

Case 7:19-cv-00068   Document 1-2   Filed on 02/27/19 in TXSD   Page 21 of 26
Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0239-19-D

    d.      The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.

    e.      In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

9.    "Describe" or "identify," when referring to a document, means you must state the following:

    a.      The nature (e.g., letter, handwritten note) of the document.

    b.      The title or heading that appears on the document.

    c.      The date of the document and the date of each addendum, supplement, or other addition or change.

    d.      The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered.

    e.      The present location of the document, and the name, address, position or title, and telephone number of the person or persons having custody of the document.

10.    The word "and" means "and/or".

11.    The word "or" means "or/and".

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-0239-19-D**

## FIRST SET OF REQUESTS FOR PRODUCTION

1.  Documents identifying each of the police officers that responded to the domestic disturbance generally described in McAllen Police Department Media Release MR-01282017-01 that took place on or about January 27-28, 2017 in the 900 block of N. 3rd Street in McAllen, Texas.

2.  Documents identifying each of the police officers that fired one or more gunshots in connection with the domestic disturbance generally described in McAllen Police Department Media Release MR-01282017-01 that took place on or about January 27-28, 2017 in the 900 block of N. 3rd Street in McAllen, Texas.

3.  Autopsy report on Ashley Karime Garcia.

4.  Ballistics reports or similar documents identifying the number of gunshots, firearm, ammunition, and person or property struck by each bullet regardless of which individual discharged each such firearm—whether police officer or civilian—in connection with the domestic disturbance generally described in McAllen Police Department Media Release MR-01282017-01 that took place on or about January 27-28, 2017 in the 900 block of N. 3rd Street in McAllen, Texas.

5.  All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to incident or case number 2017-7175.

6.  All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to an Open Records or Public Information request generally identified or designated as #W023350-020617.

7.  All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to an Open Records or Public Information request generally identified or designated as #W024613-072517.

8.  All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to an Open Records or Public Information request generally identified or designated as #W024595-072217.

9.  All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to an Open Records or Public Information request generally identified or designated as #W025349-112717.

10. All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to an Open Records or Public Information request generally identified or designated as #W026183-042318.

11. All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to an Open Records or Public Information request generally identified or designated as #W026990-092718.

Electronically Filed
1/15/2019 3:18 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-0239-19-D

12. All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to an Open Records or Public Information request generally identified or designated with ID No. 706282 or ORR No. W025833.

13. Arrest records, jail records, incident reports, conviction records and criminal history records of Cruz Pinon, also known at Cruz Orlando Hernandez Pinon or Cruz Orlando Pinon, date of birth August 2, 1986.

14. All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to one or more investigations or inquiries made by Child Protective Services regarding any of Hector Hugo Garcia's three daughters, Ashley Karime Garcia, Lydia Laisany Garcia or Lydise Odalys Garcia.

15. All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to one or more investigations or inquiries made by McAllen Police Department regarding any claim of a sexual assault or indecency with a child with respect to any of Hector Hugo Garcia's three daughters, Ashley Karime Garcia, Lydia Laisany Garcia or Lydise Odalys Garcia.

16. All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to one or more investigations or inquiries made by McAllen Police Department of any claim of sexual assault or indecency with a child made against Cruz Pinon, also known at Cruz Orlando Hernandez Pinon or Cruz Orlando Pinon.

17. All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to one or more investigations or inquiries made by Child Protective Services regarding Cruz Pinon, also known at Cruz Orlando Hernandez Pinon or Cruz Orlando Pinon.

18. All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to one or more instances where a McAllen police officer accompanied someone from Child Protective Services to the home of Cruz Pinon, also known at Cruz Orlando Hernandez Pinon or Cruz Orlando Pinon.

19. All documents, photos, videos, recordings, reports, dispatch logs and any other tangible item relating to one or more instances where a McAllen police officer should have accompanied someone from Child Protective Services to the home of Cruz Pinon, also known at Cruz Orlando Hernandez Pinon or Cruz Orlando Pinon, but failed to show up or could not make it.

20. Phone records for January 27, 2017 and January 28, 2017 of any cell phone belonging to or used by Hector Hugo Garcia, Ashley Karime Garcia, Lydia Laisany Garcia, Santos Verenice Garcia, Lydise Odalys Garcia, and Cruz Pinon, also known at Cruz Orlando Hernandez Pinon or Cruz Orlando Pinon.

C-0239-19-D

21. Medical records and bills of Lydia Laisany Garcia relating to the subject shooting.

22. All documents, photos, videos, recordings, reports, notes and any other tangible item relating to one or more discussions, meetings or conversations between Hector Hugo Garcia, on the one hand, and on the other hand, Mayor James E. Darling, Police Chief Victor Rodriguez, City Manager Roel Roy Rodriguez, and any attorneys with the City Attorney's office, including Assistant City Attorneys Evaristo Garcia, Jr. and Isaac J. Tawil.

23. All correspondence, including emails and text messages, between Hector Hugo Garcia, on the one hand, and on the other hand, Mayor James E. Darling, Police Chief Victor Rodriguez, City Manager Roel Roy Rodriguez, and any attorneys with the City Attorney's office, including Assistant City Attorneys Evaristo Garcia, Jr. and Isaac J. Tawil.

24. Minutes and recordings of any City Commission meetings in which Hector Hugo Garcia addressed Mayor James E. Darling or the City Commission regarding the subject shooting.

25. Policies or procedures of the McAllen Police Department—current those in effect at the time of the subject shooting—that relate to the response to a report or claim of a family disturbance.

26. Policies or procedures of the McAllen Police Department—current those in effect at the time of the subject shooting—that relate to the response to a report or claim of a sexual assault.

27. Policies or procedures of the McAllen Police Department—current those in effect at the time of the subject shooting—that relate to the response to a report or claim of a sexual assault of a minor.

28. Policies or procedures of the McAllen Police Department—current those in effect at the time of the subject shooting—that relate to the response to a report or claim of indecency with a minor.

29. Policies or procedures of the McAllen Police Department—current those in effect at the time of the subject shooting—that relate to the use of body-worn cameras or recorders, cameras or recorders on a police vehicle, cell phone cameras or records or hand-held cameras or records.

30. Policies or procedures of the McAllen Police Department—current those in effect at the time of the subject shooting—that relate to the use of weapons by a police officer.



# McAllen Police Department

## MEDIA RELEASE

For Immediate Release
MR 01282017 01
Contact Person: Joel A. Morales Jr, Lieutenant
Contact Number: 956.681.2083

## Domestic Disturbance Results in Homicide

Date/Time: 01-27-2017/11:53 PM.
Nature of Call-For-Service: Disturbance.
Location: 900 Block N. 3rd St. McAllen, Texas 78504.

At approximately 11:53 PM last night, the McAllen Police Department dispatched officers to above location in response to a DISTURBANCE Call-For-Service.

On arrival, Officers contacted Ms. Berenice Garcia, approximately 42 years of age and one (1) of her teenage daughters. They reported to responding officers that they were having "a verbal disturbance" with Ms. Garcia's husband, Cruz PINON. PINON, approximately 30 years of age, was step-father of Ms. Garcia's teenage daughter. The verbal argument was reported to be about PINON wanting to access the cell phone of Ms. Garcia's teenage daughter to determine her activities. The disturbance ensued when the daughter would NOT provide PINON access to the phone.

In the course of this Call-For-Service, the teenage daughter made an outcry to responding officers of ongoing assaults on her by PINON. With such outcry, responding officers proceeded to interview the teenage daughter outside of the home. Ms. Garcia and another of her teenage daughters followed to the front porch and yard of this residence.

During the course of this inquiry, a person later identified as Cruz PINON, came to the front door from within the residence at this location and with a handgun, shot at Ms. Berenice Garcia, her two (2) teenage daughters and responding officers. PINON struck with gun fire Ms. Berenice Garcia and one of Ms. Berenice Garcia's teenage daughters. The daughter that was struck was not the daughter whose cell phone was at issue. PINON then retreated into the home where three additional family members were located. Inside the home was another teenage daughter of Ms. Berenice Garcia and two (2) four-year-old children (M/F). The four-year-old children are children of Ms. Berenice Garcia and PINON.

One of the responding officers returned fire and discharged his weapon three (3) times at PINON.

## *Exhibit 1*

Responding officers believed that a hostage situation had developed but upon hearing pleas for help from within the home, made entry into the home. In the home, responding officers located another of Ms. Berenice Garcia's (3rd) teenage daughter and determined that she had suffered gunshot wounds. Also located in the home were the two (2) four-year-old children. All three were extricated from the residence by responding officers.

In further securing the home, officers located PINON in a bedroom located at the rear of the home. PINON had died from what appears to be a gunshot wound. The handgun that we believe was used in this incident was at his side.

Preliminarily, the following summarizes injuries and fatalities associated with this incident:

1. Murder Victim #1:  Ms. Berenice Garcia, approximately 42 years of age, suffered undetermined number of gunshot wounds and died at the scene.
2. Murder Victim #2:  Teenage female, approximately 16 years of age, daughter of Ms. Berenice Garcia, suffered undetermined number of gunshot wounds and died at the scene.
3. Attempted Murder Victim:  Teenage female, approximately 13 years of age, daughter of Ms. Berenice Garcia, suffered undetermined number of gunshot wounds. She was transported to local hospital for emergency care. She is reported stable but transferred to San Antonio for further medical care.
4. Murder/Attempted Murder Suspect:  Cruz PINON, approximately 30 years of age, suffered undetermined number of gunshot wounds and died at the scene.
5. We have reason to establish PINON as SUSPECT in the Murder of Ms. Berenice Garcia and her teenage (16yr. old) daughter.
6. We have reason to establish PINON as SUSPECT in the Attempted Murder of Ms. Berenice Garcia's teenage (13 yr. old) daughter.
7. We have reason to believe that PINON's wound is self-inflicted.
8. We have not determined if any of the rounds fired by the responding officer wounded the suspect.
9. JP Bobby Contreras responded to this scene. He ordered autopsies in these three (3) deaths.

### ###