Case 7:19-cv-00068 Document 59 Filed on 08/24/20 in TXSD Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
August 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| HECTOR HUGO GARCIA, individually, and as next friend of L.L.G., a minor, and on behalf of the estate of ASHLEY KARIME GARCIA, §§§§§ | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 7:19-cv-00068 |
| § | |
| CITY OF MCALLEN, TEXAS, §§§ | |
| Defendant. § | |

## **OPINION AND ORDER**

The Court now considers four motions. After considering the motions, record, and relevant authorities, the Court **DENIES** Plaintiffs' motion to remand, **GRANTS** Defendant's motion to strike, **DENIES** Plaintiffs' motion for leave to file an untimely response, and **GRANTS** Defendant's motion for summary judgment.

### I. Background and Procedural History

This is a civil rights lawsuit arising from a police shooting at a family residence in January 2017.[1] On April 1, 2020, this Court issued a 23-page Opinion and Order that dismissed all Plaintiffs' claims with prejudice except for Plaintiffs' claim under the Texas Public Information Act against Defendant City of McAllen.[2] On June 17, 2020, Defendant City moved for summary judgment on that last remaining claim.[3] This is the first motion, "Defendant City of McAllen's Motion for Summary Judgment." Plaintiffs' response was due on July 8, 2020.[4] Instead, Plaintiffs moved to remand on July 16th. This is the second motion, "Plaintiff's Motion

---
[1] See Dkt. No. 42 at 2–3 for an explanation of the factual background.
[2] Dkt. No. 42.
[3] Dkt. No. 47.
[4] LR7.4.A.

to Remand the Case to State Court."[5] Defendant timely responded.[6] On July 17th, Plaintiffs filed their untimely response to Defendant's motion for summary judgment.[7] Defendant timely[8] replied.[9] On July 23rd, Defendant moved to strike Plaintiffs' response. This is the third motion, "Defendant City of McAllen's Motion to Strike Plaintiffs' Untimely Response to Defendant City's Motion for Summary Judgment."[10] On July 31st, Plaintiffs timely[11] filed the fourth motion, "Plaintiff's Opposed Emergency Motion for Leave to File Late Response in Opposition to Defendant's Motion for Summary Judgment and Response in Opposition to Defendant's Motion to Strike."[12] Defendant timely responded.[13] All four motions are now ripe for consideration.

## II. MOTION TO REMAND

Although Plaintiffs' motion to remand was filed later in time, the Court first considers the motion to remand because it attacks the Court's jurisdiction. If the Court lacks jurisdiction over this case, or if remand to state court is proper, then the Court need not consider the remaining motions.[14]

---

[5] Dkt. No. 50.
[6] Dkt. No. 55.
[7] Dkt. No. 51.
[8] *See* LR7.4.E.
[9] Dkt. No. 53.
[10] Dkt. No. 52.
[11] *See* LR7.4.A.
[12] Dkt. No. 54.
[13] Dkt. No. 56.
[14] *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. 1981) ("Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect. . . . Thus, the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.").

Plaintiffs argue that remand is proper because the Court has dismissed all federal claims and only state law claims remain in the case.[15] Defendant emphasizes that the decision whether to remand is discretionary and urges the Court to retain jurisdiction because of the Court's familiarity with the case.[16]

The governing statute is 28 U.S.C. § 1367(c):

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The decision to decline supplemental jurisdiction over state law claims is discretionary by its terms. The United States Supreme Court instructs that

> a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. . . . [T]he doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.[17]

"When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise

---

[15] Dkt. No. 50 at 2–3, ¶ 2.1. The Court notes that Plaintiffs make various unusual citations like "*Id.* 641@159." *See* Dkt. No. 50 at 5, ¶¶ 2.6–2.8. These are improper and confusing. *Cf.* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 4.1, at 79 (Columbia Law Review Ass'n et al. eds., 20th ed. 2015).
[16] Dkt. No. 55.
[17] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote and citation omitted).

Plaintiffs argue that remand is proper because the Court has dismissed all federal claims and only state law claims remain in the case.[15] Defendant emphasizes that the decision whether to remand is discretionary and urges the Court to retain jurisdiction because of the Court's familiarity with the case.[16]

The governing statute is 28 U.S.C. § 1367(c):

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The decision to decline supplemental jurisdiction over state law claims is discretionary by its terms. The United States Supreme Court instructs that

> a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice. . . . [T]he doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.[17]

"When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court ha[s] a powerful reason to choose not to continue to exercise

---

[15] Dkt. No. 50 at 2–3, ¶ 2.1. The Court notes that Plaintiffs make various unusual citations like "*Id.* 641@159." *See* Dkt. No. 50 at 5, ¶¶ 2.6–2.8. These are improper and confusing. *Cf.* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 4.1, at 79 (Columbia Law Review Ass'n et al. eds., 20th ed. 2015).
[16] Dkt. No. 55.
[17] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote and citation omitted).

jurisdiction."[18] In general, if federal claims are eliminated before trial, the Court should decline to exercise supplemental jurisdiction,[19] particularly for reasons of federal-state comity.[20] Indeed, in one instance, "[d]espite substantial development in the case, the district court's ruling on a number of discovery matters, and a trial that was only weeks away, the Fifth Circuit determined the district court should not have exercised supplemental jurisdiction because discovery had not been completed, they were not on the eve of trial, and the parties were not ready for trial."[21] Conversely, in another instance, the Fifth Circuit affirmed the district court's retention of supplemental jurisdiction after all federal claims had been dismissed because the case had "been pending for almost three years, the parties have taken numerous depositions, and the matter had progressed to the advanced stages of litigation with little left to do before trial," and the district court devoted significant resources and developed substantial familiarity with the case in making its "comprehensive summary judgment ruling."[22] The Court may err in refusing to retain supplemental jurisdiction when the state law claims are uncomplicated and significant resources have already been invested in the federal proceeding.[23]

---

[18] *Id.* at 351.
[19] *Enochs v. Lampasas Cty.*, 641 F.3d 155, 161 (5th Cir. 2011) (collecting cases); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.").
[20] *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421 (2010) (quotation omitted) ("The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction. The doctrine reflects a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate way.").
[21] *Alaniz v. City of Sullivan City, Tex.*, No. C.A. B-04-40, 2005 WL 1651021, at *11 (S.D. Tex. July 13, 2005) (describing *Parker & Parsley Petroleum Co.*, 972 F.2d at 587).
[22] *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002).
[23] *See Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) ("The absence of any difficult state-law questions thus weighs heavily toward our conclusion that the district court abused its discretion in refusing to retain jurisdiction over the remaining claims. We also conclude that the factors of judicial economy, convenience, and fairness to the parties strongly point toward our conclusion that the district court erred by not retaining jurisdiction here.").

This case was removed to this Court in February 2019[24] and has been pending for about one and a half years. This Court has issued numerous orders in this case, including an opinion resolving a "Motion to Quash and Strike Citation" and a motion to "Compel Disclosure of Identities of Police Officers,"[25] numerous opinions resolving motions to dismiss,[26] various orders for continuances,[27] and one order sealing an exhibit.[28] Furthermore, Defendant's motion for summary judgment has been fully briefed,[29] and Plaintiffs' motion to remand, filed 30 days after the motion and 9 days after Plaintiffs' response to Defendant's motion for summary judgment was due, raises at least a suspicion that Plaintiffs seek to avoid the Court's determination of summary judgment and waste judicial resources in assessment of the motion for summary judgment already undertaken.

Considering the whole of this case, the Court holds that the second and third statutory factor counsel remand of this case because federal claims are nonexistent, but the first and fourth factor weigh against remand, as was the case in *Smith v. Amedisys Inc.*[30] "Plaintiffs posit that the Public Information Act and its statutory framework is a confusing area of Texas law, but they cite no case for this proposition."[31] Indeed, the Public Information Act issues have already been addressed by the Attorney General of Texas.[32] Plaintiffs have not shown that Defendant's motion for summary judgment[33] raises a "novel or complex issue of State law."[34] Similarly, Plaintiffs

---

[24] Dkt. No. 1.
[25] Dkt. No. 15.
[26] Dkt. Nos. 19, 30, 42.
[27] Dkt. Nos. 15, 46.
[28] Dkt. No. 49.
[29] Dkt. Nos. 47, 51, 53.
[30] 298 F.3d 434, 447 (5th Cir. 2002).
[31] Dkt. No. 55 at 5.
[32] *See* Dkt. No. 47-3 at 6–9.
[33] Dkt. No. 47. The Court notes that the entire motion is only 9 pages, indicating Defendant's confidence that the issues are not complex or novel.
[34] *See* Dkt. No. 50 at 7.

point to no "exceptional circumstances" for refusing to retain jurisdiction.[35] The Court's resolution of whether to remand thus depends on "factors of judicial economy, convenience, fairness, and comity."[36] The Court's familiarity with the case—and the other side of the coin, how much work a state judge would need to do to resolve disputed issues in the case—influences the factors.[37] Here, although the Court acknowledges that a trial is not scheduled, parties have not commenced trial preparation, and "[t]here has been little to no significant discovery in the case,"[38] the Court has devoted substantial resources familiarizing itself with this case, including review of Plaintiffs' Texas Public Information Act claim in determining that Plaintiffs state a claim that survives Federal Rule of Civil Procedure 12(b) dismissal.[39] The parties' exchange of little discovery is the result of their choices and the discovery deadline has passed.[40] Furthermore, the motion for summary judgment is already fully briefed[41] and the parties have devoted substantial resources to collaterally briefing the summary judgment issue with respect to the motion to strike Plaintiffs' response[42] and the motion to allow Plaintiffs' response to be filed late.[43] The parties' efforts to resolve the Texas Public Information Act issue in state court would likely result in waste of this Court's resources in already familiarizing with that issue and waste of the state court's resources in being introduced to the issue anew and duplicative waste of the parties' resources in re-briefing the issue. The Court "determine[s] that the principles of judicial

---

[35] *See Amedisys*, 298 F.3d at 447.
[36] *Id.*
[37] *See Johnston v. Dexel*, 373 F. Supp. 3d 764, 776–77 (S.D. Tex. 2019) (Rosenthal, C.J.).
[38] Dkt. No. 50 at 7, ¶¶ 2.16.b–2.16.c.
[39] *See* Dkt. No. 42 at 22–23 (discussing the allegations at length).
[40] *See* Dkt. No. 46 (discussing that the Court already granted ample time to conduct discovery and would deny a motion to extend deadlines).
[41] Dkt. Nos. 47, 51, 53.
[42] Dkt. No. 52.
[43] Dkt. Nos. 54, 56.

economy, convenience, and fairness to the parties weigh heavily toward retaining jurisdiction" and, on balance, the Court should retain jurisdiction over this case.[44]

Accordingly, Plaintiffs' motion to remand to state court is **DENIED**.[45]

### III. MOTION TO STRIKE AND EMERGENCY MOTION TO FILE LATE RESPONSE

Before turning to the merits of Defendant's motion for summary judgment, the Court must ascertain whether Defendant's motion was properly opposed by Plaintiffs' untimely response brief. First, the Court pauses to note that Plaintiffs' motion is captioned and was docketed as an "Emergency Motion."[46] An "emergency" is "[a] sudden and serious event or an unforeseen change in circumstances that calls for immediate action to avert, control, or remedy harm" or "[a]n urgent need for relief or help."[47] Plaintiffs' emergency motion was filed 44 days after Defendant moved for summary judgment, 23 days after Plaintiffs' response was due (more than double the time Local Rule 7.4 gives for a party to respond to an opposed motion), and 14 days *after* Plaintiffs filed both their motion to remand and response itself.[48] Plaintiffs do not point to any emergency, and instead argue their failure to timely file a response "was a matter of excusable neglect."[49] In short, Plaintiffs' "Emergency Motion" does not comport with any rational interpretation of the word "emergency." Plaintiffs abused the Court's attention and resources by causing a diversion to ascertain whether Plaintiffs had a genuine emergency. The Court admonishes Plaintiffs' counsel Adrian R. Martinez that no filing should be labeled an

---

[44] *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002); *accord Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) ("[T]he fact that the remaining issues were not complex, were well-known to the court, and were ripe for summary disposition supported the decision to retain jurisdiction.").
[45] Dkt. No. 50.
[46] Dkt. No. 54.
[47] *Emergency*, BLACK'S LAW DICTIONARY (11th ed. 2019).
[48] Dkt. Nos. 50–51.
[49] Dkt. No. 54 at 3, ¶ 2.2.

"emergency" without good cause for doing so and that Plaintiffs' "Emergency Motion"[50] was an abuse of judicial resources.

The Court[51] now turns to the merits of Defendant's motion to strike and Plaintiffs' opposition and motion for leave to file a late response.[52] As set forth in Part I, *supra*, Plaintiffs filed their response to Defendant's motion for summary judgment 9 days late.[53] The governing rule is thus Federal Rule of Civil Procedure 6(b)(1)(B): "When an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." "With regard to determining whether a party's neglect of a deadline is excusable, . . . the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[54] Relevant factors include the danger of prejudice, "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[55] However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."[56]

The parties dispute whether Plaintiffs' late filing was the result of excusable neglect.[57] To substantiate that Plaintiffs have met the standard, Plaintiffs' counsel Adrian R. Martinez attached an affidavit, wherein he explains that the COVID-19 pandemic and a personal (unrelated) illness

---

[50] Dkt. No. 54.
[51] Dkt. No. 52.
[52] Dkt. No. 54.
[53] *See supra* note 7.
[54] *Pioneer Inv. Servs. v. Brunswick Assocs. LP*, 507 U.S. 380, 395 (1993).
[55] *Id.*
[56] *Id.* at 392; *see Fine v. Evergreen Aviation Ground Logistics Enter., Inc.*, No. 2:07-CV-165, 2009 WL 793753, at *2 (E.D. Tex. Mar. 20, 2009) (citing *Pioneer Inv Servs.*, 507 U.S. at 392) ("Although the concept of excusable neglect is 'somewhat elastic,' it generally excludes gross carelessness, ignorance of the rules, or ignorance of the law.")
[57] Dkt. No. 52 at 3–4, ¶ 2.05; Dkt. No. 54 at 4, ¶¶ 2.4–2.5.

"has caused a great deal of distraction and turmoil such that the workload has been overwhelming."[58] However, Mr. Martinez also explains that he began preparing the response brief one week before the deadline and at that time *actually consulted* the relevant Local Rules 7.3 and 7.4 setting forth the 21-day deadline to respond.[59] At the time Mr. Martinez read the Local Rules, he "neglected the language as to the clerk would not issue notice as to a submission date [sic] and believed that as in state court [he] would be notified of the submission. Under [his] mistaken belief, because no submission date had been set, [he] concluded that the Plaintiffs Response was due July 17, 2020, 30 days after the Defendant's Motion was filed."[60] Mr. Martinez's mention of 30 days and the clerk's notice appears to be plucked from thin air, as Local Rule 7.3 unambiguously states that "[o]pposed motions will be submitted to the judge *21 days* from filing *without notice from the clerk* and without appearance by counsel."[61] Plaintiffs would apparently have the Court hold that an attorney who consults the relevant rule, reads it correctly, yet takes away two unsupported conclusions each specifically conflicting with the rule should be excused from complying with the one-sentence rule, at least when the attorney is dealing with distractions or a heavy workload. The Court cannot countenance this. The reason for the delay was entirely within Plaintiffs' control, but Plaintiffs' complete disregard for the plain language caused additional delay before the Court could decide Defendant's motion for summary judgment.[62] Furthermore, Plaintiffs' counsel has practiced in the Southern District of Texas for years and filed timely response briefs,[63] so his asserted confusion over this Court's Local Rules is suspect. The Court does not find Plaintiffs' failure to read and interpret Court

---

[58] Dkt. No. 54-1 at 2, ¶ 3.
[59] *Id.* at 3, ¶ 6.
[60] *Id.*
[61] LR7.3 (emphases added).
[62] After Plaintiffs' response was filed late, both Defendant's motion to strike and Plaintiffs' motion for leave to file a late response called for resolution before the Court could address the motion for summary judgment.
[63] *E.g.*, *Mahayni v. Cajun Operating Co.*, No. 7:17-cv-7 (S.D. Tex. July 18, 2018), Dkt. No. 31; *McAllen MRI, LLC v. One Call Medical, Inc.*, No. 7:15-cv-27 (S.D. Tex. Nov. 17, 2016), Dkt. No. 38.

rules to be in good faith or excusable neglect. Indeed, if the Court excused late filings because an attorney was dealing with other distractions and failed to correctly interpret court rules, there would be little incentive to comply with court rules because their bite would be essentially nullified. "Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced."[64]

Accordingly, the Court **GRANTS** Defendant's motion to strike[65] and **DENIES** Plaintiffs' motion for leave to file their late response.[66] The Court **STRIKES** Plaintiffs' untimely response.[67]

### IV. MOTION FOR SUMMARY JUDGMENT

The Court now turns to the merits of Defendant's motion for summary judgment.

#### a. Legal Standard

Federal Rule of Civil Procedure 56 provides that a court shall award summary judgment when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[68] A court reviews the evidence in the record in the light most favorable to the nonmovant and draws all reasonable inferences in the nonmovant's favor,[69] but the Court is under no duty to search the entire record in search of evidence to support the nonmovant's opposition to summary judgment.[70] To earn summary judgment, however, a movant must point to competent evidence in the record, such as documents, affidavits, and deposition testimony[71]

---

[64] *United States v. Locke*, 471 U.S. 84, 101 (1985).
[65] Dkt. No. 52.
[66] Dkt. No. 54.
[67] Dkt. No. 51.
[68] FED. R. CIV. P. 56(a); *see Bulko v. Morgan Stanley DW Inc.*, 450 F.3d 622, 624 (5th Cir. 2006).
[69] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[70] *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996); *accord Adams Family Tr. v. John Hancock Life Ins. Co.*, 424 F. App'x 377, 380 n.2 (5th Cir. 2011).
[71] FED. R. CIV. P. 56(c)(1).

and must "articulate precisely how this evidence supports his claim."[72] "A fact is 'material' if its resolution could affect the outcome of the action,"[73] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[74] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[75] "Although this is an exacting standard, summary judgment is appropriate where the only issue before the court is a pure question of law."[76]

The movant bears the initial burden of showing the absence of a genuine issue of material fact,[77] but may satisfy the burden by pointing out the absence of evidence to support the nonmovant's case if the nonmovant would bear the burden of proof with respect to that element at trial.[78] If the movant intends to rely on an affirmative defense, "it must establish beyond dispute all of the defense's essential elements."[79]

The Court cannot enter "default" summary judgment in favor of the movant but, because Defendant's motion for summary judgment is unopposed as a result of the Court striking Plaintiffs' response,[80] the Court will accept as undisputed the Defendant's facts listed in support of its motion.[81] Furthermore, Plaintiffs' complaint is unverified and does not supply any more than mere allegations.[82]

### b. Analysis

---

[72] *RSR Corp.*, 612 F.3d at 857.
[73] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[74] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).
[75] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[76] *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991).
[77] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[78] *Id.* at 325.
[79] *Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006).
[80] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[81] *See Pistokache v. Wilmington Tr., N.A.*, No. 7:15-CV-523, 2016 WL 7734652, at *1 (S.D. Tex. Aug. 4, 2016) (using this approach); *accord Fajemirokun v. Methodist Health Sys.*, No. 3:14-CV-3602-L, 2018 U.S. Dist. LEXIS 28159, at *5 (N.D. Tex. Feb. 21, 2018).
[82] *See* Dkt. No. 31.

This Court held that Plaintiffs allege a live controversy in that "Defendants have withheld dashcam footage of the shooting incident, ballistics reports, incident reports, police reports, investigation reports, and witness statements regarding the shooting incident, and basic information such as the names of investigating officers, the offense committed and a detailed description of the offense."[83] Defendant argues that Plaintiffs' claim is moot and Defendant is entitled to summary judgment.[84]

Plaintiffs seek a writ of mandamus "pursuant to section 552.321 of the Texas Open Records Act."[85] That section provides that a "requestor . . . may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G or refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C."[86] Plaintiffs admit that Defendant requested a decision from the Attorney General of Texas, so Plaintiffs' sole claim is that Defendant has failed to turn over information.[87] Plaintiffs, who bear the burden of proof on their claim, must present competent summary evidence to show both (1) entitlement to the information under the Texas Public Information Act, and (2) that such information was not already provided. However, by their untimely response which has now been stricken, Plaintiffs have failed to do so.[88] Thus, Plaintiffs do not raise a genuine issue of material fact. In contrast,

---

[83] Dkt. No. 42 at 22 (quotation omitted) (footnotes omitted) (citing Dkt. No. 31, ¶¶ 15, 53–59).
[84] Dkt. No. 47 at 4, ¶ 4.01.
[85] Dkt. No. 31 at 27, ¶ 74.
[86] TEX. GOV'T CODE ANN. § 552.321(a) (West 2020).
[87] Dkt. No. 31 at 18, ¶ 54.
[88] Even were the Court to consider Plaintiffs' response in opposition, it fails to provide any competent summary judgment evidence of withheld information. The only affidavits attached to the response are two affidavits from counsel. The first attests to arguments made in opposition and the second attests to the exhibits being true and correct copies. *See* Dkt. No. 51-7 & 8. Plaintiffs principal argument in response is that "Defendant has failed to present any evidence that it has produced all of the relevant documents . . . ." Dkt. No. 51 at 4.

Defendant argues that it has turned over all relevant information and Plaintiffs' claim is moot.[89] Defendant, although not bearing the burden of proof on this issue, provides evidence to support that argument. There is therefore an absence of evidence to support Plaintiffs' Texas Public Information Act claim.[90] In the "absence of evidence to support the nonmoving party's case," Defendant is entitled to summary judgment.[91] Because Plaintiffs have failed to prevail on their Texas Public Information Act claim, they are not entitled to attorneys' fees.[92]

Accordingly, the Court **GRANTS** Defendant City's motion for summary judgment. A final judgment in accordance with Federal Rule of Civil Procedure 54 will follow. This holding resolves all four motions before the Court.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 24th day of August 2020.

_____
Micaela Alvarez
United States District Judge

---

[89] Dkt. No. 47 at 4–5, ¶¶ 4.01–4.03; Dkt. No. 53 at 3–7, ¶¶ 2.02–2.06.
[90] *See supra* note 78.
[91] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[92] *Hudson v. Paxton*, No. 03-13-00368-CV, 2015 WL 739605, at *3 (Tex. App.—Austin Feb. 20, 2015, no pet.).